**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **FANTASTIC SAMS FRANCHISE CORPORATION**<br><br>　　　　　　**Petitioner,**<br><br>　　v.<br><br>**HARTLEY VENTURES LLC, BARB HARTLEY, and DAVID HARTLEY**<br><br>　　　　　　**Respondents.** | Case No. |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Fantastic Sams Franchise Corporation ("Fantastic Sams") respectfully petitions the Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, for an order confirming a final arbitration award rendered by arbitrators of the American Arbitration Association ("AAA") and entering judgment consistent with that award. In support of its petition, Fantastic Sams states as follows:

## INTRODUCTION

1.　Petitioner Fantastic Sams is the franchisor of the Fantastic Sams Salons® brand of family haircare salons throughout the country. Respondents Hartley Ventures LLC ("Hartley Ventures") is the former franchisee of two Fantastic Sams haircare salons under two license agreements with Fantastic Sams. Respondents Barb and David Hartley personally guaranteed Hartley Ventures' obligations under each of the license agreements.

2.　The parties' license agreements required arbitration of disputes between the parties. In accordance with those agreements, Fantastic Sams initiated an arbitration proceeding before the AAA on February 26, 2016. A hearing was held on April 18 and 19, 2017, before a

panel of three arbitrators. Respondents were represented by counsel, appeared at the hearing, and submitted evidence. Pursuant to the arbitrators' written order, the parties submitted post-hearing briefing on May 19, 2017. Thereafter, the panel of three arbitrators issued a final arbitration award resolving all claims between the parties on June 15, 2017.

3. Fantastic Sams now petitions the Court to confirm the final arbitration award pursuant to Section 9 of the FAA, 9 U.S.C. § 9, and to enter judgment thereunder pursuant to Section 13 of the FAA, 9 U.S.C. § 13.

## THE PARTIES

4. Petitioner Fantastic Sams is a Delaware corporation with its principal place of business in Beverly, Massachusetts.

5. Respondent Hartley Ventures is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. Each of its two members, discussed below, is a citizen and resident of the State of Missouri.

6. Respondent Barb Hartley is a member of Hartley Ventures and is a citizen and resident of the State of Missouri.

7. Respondent David Hartley is a member of Hartley Ventures and is a citizen and resident of the State of Missouri.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over respondents because each respondent expressly consented to the jurisdiction of this Court in his, her, or its respective written license agreements and guaranty with Fantastic Sams. Further, respondents have individually or as agents and/or representatives engaged in and carried on business in this State and caused injuries to Fantastic Sams.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Venue is also proper under 9 U.S.C. § 9 because the underlying arbitration was conducted in this judicial district.

## THE ARBITRATION AGREEMENT

11. Effective July 9, 2004, respondent Hartley Ventures, as franchisee, entered into a salon license agreement with Fantastic Sams' predecessor in interest, as franchisor, under which Hartley Ventures agreed to open and operate a franchised Fantastic Sams salon for an initial ten year term, which the parties subsequently extended to July 9, 2024 (the "O'Fallon License Agreement"). A true and correct copy of the O'Fallon License Agreement is attached hereto as Exhibit 1.

12. Effective March 14, 2005, Hartley Ventures entered into a second salon license agreement with Fantastic Sams' predecessor in interest under which Harley Ventures agreed to open and operate a franchised Fantastic Sams salon for an initial ten year term, which the parties subsequently extended to March 15, 2025 (the "Fairview License Agreement"). A true and correct copy of the Fairview License Agreement is attached hereto as Exhibit 2.

13. Both agreements were assigned to Fantastic Sams in February 2014.

14. Under Section 13 of the O'Fallon and Fairview License Agreements, the parties agreed to submit "[a]ny controversy or claim arising out of or relating to [the agreements] or with regard to [the agreements'] interpretation or breach or any other aspect of the relationship"

between the parties to arbitration before a three-arbitrator panel in accordance with the Commercial Arbitration Rules of the AAA.

15. The arbitration provision further provided for the final hearing to be held in Kansas City, Missouri.

16. The parties further consented to the jurisdiction of any appropriate court to enforce the provisions of their arbitration agreement and/or to confirm any award rendered by the panel of arbitrators under Section 13 of the O'Fallon and Fairview License Agreements.

17. Barb and David Hartley each personally guaranteed Hartley Ventures' obligations under the O'Fallon and Fairview License Agreements and agreed to be personally bound by, and personally liable for the breach of, each and every provision of those agreements, including the arbitration provision.

## THE ARBITRATION

18. On February 26, 2016, Fantastic Sams submitted a demand for arbitration before the AAA in an action styled *Fantastic Sams Franchise Corp. v. Hartley Ventures LLC, et al.*, AAA No. 01-16-0000-6591.

19. Fantastic Sams and respondents appeared and participated in the arbitration.

20. The three duly-appointed arbitrators in the arbitration were Judge Charles Atwell, Judge Jay A. Daugherty, and Leland Shurin.

21. The arbitrators held a hearing in Kansas City, Missouri on April 18 and 19, 2017, during which they received and admitted into evidence testimony and documents in support of Fantastic Sams' claims and in defense of respondents' counterclaims.

22. On April 20, 2017, the arbitrators entered an order requiring the parties to submit certain post-hearing filings by May 19, 2017. A true and correct copy of the April 20, 2017 order is attached hereto as Exhibit 3.

23. On June 15, 2017, the arbitrators rendered their final award in the arbitration (the "Award"). A true and correct copy of the Award is attached hereto as Exhibit 4.

24. The Award has not been vacated under Section 10 of the FAA, 9 U.S.C. § 10, or modified or corrected under Section 11 of the FAA, 9 U.S.C. § 11, and the time to do so has expired. Under Section 12 of the FAA, respondents had three months—until September 15, 2017—to challenge the arbitration award. 9 U.S.C. § 12.

25. Fantastic Sams has brought this action within one year after the Award was made on June 15, 2017. 9 U.S.C. § 9.

## THE COURT "MUST" CONFIRM THE ARBITRATION AWARD

26. Fantastic Sams applies to this Court for confirmation of the Award pursuant to Section 9 of the FAA, 9 U.S.C. § 9, which provides, in pertinent part:

> [A]ny party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

27. The United States Supreme Court has held that "[u]nder the terms of [Section] 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected, 'as prescribed' in [Sections] 10 and 11." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9); *Med. Shoppe Int'l, Inc. v. Turner Invests., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010).

28. Here, the parties agreed to arbitrate the claims between them pursuant to the terms

of the O'Fallon and Fairview License Agreements, the arbitration has been held, the arbitrators rendered their final Award, that award has not been vacated, modified, or corrected, and the time to do so has expired. Accordingly, Section 9 of the FAA, 9 U.S.C. § 9, requires that the Award be confirmed.

**PRAYER FOR RELIEF**

WHEREFORE, petitioner Fantastic Sams respectfully requests that the Court enter an Order confirming the Award pursuant to 9 U.S.C. § 9 and enter judgment pursuant to 9 U.S.C. § 13 consistent with the Award in the form of the proposed order attached hereto as Exhibit 4.

Dated: April 27, 2018

Respectfully submitted,

DYSART TAYLOR COTTER
 McMONIGLE & MONTEMORE, P.C.

 */s/ Michael J. Judy*
Michael J. Judy        MO #58691
4420 Madison Avenue, Suite 200
Kansas City, Missouri 64111
T: (816) 931-2700
F: (816) 931-7377
mjudy@dysarttaylor.com

Fredric A. Cohen*(pro hac vice motion to follow)*
Aaron-Michael Sapp*(pro hac vice motion to follow)*
CHENG COHEN LLC
311 N. Aberdeen Street, Suite 400
Chicago, IL 60607
(312) 243-1701
fredric.cohen@chengcohen.com
asapp@chengcohen.com

*Attorneys for Petitioner Fantastic Sams*
*Franchise Corporation*